**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 06-4315**

———————

UNITED STATES OF AMERICA,

                                    Plaintiff - Appellee,

        versus

JONATHAN MILLER,

                                    Defendant - Appellant.

———————

Appeal from the United States District Court for the Western District of North Carolina, at Charlotte.  Robert J. Conrad, Jr., Chief District Judge.  (3:04-cr-00195-ALL)

———————

Submitted: September 28, 2006         Decided: October 5, 2006

———————

Before NIEMEYER, TRAXLER, and SHEDD, Circuit Judges.

———————

Affirmed by unpublished per curiam opinion.

———————

W. James Payne, POWELL & PAYNE, Shallotte, North Carolina, for Appellant.  Robert John Gleason, Assistant United States Attorney, Charlotte, North Carolina, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Jonathan Miller pled guilty to possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g) (2000). The district court sentenced Miller to seventy-seven months' imprisonment, three years of supervised release, and ordered payment of a $100 statutory assessment.* Miller's counsel has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), stating that there are no meritorious grounds for appeal, but questioning whether Miller's attorney was ineffective for failing to lodge objections to the presentence investigation report, and asserting that Miller's base offense level was incorrectly calculated. Miller was given an opportunity to file a supplemental pro se brief, and has asserted that his attorney was ineffective for failing to move for a downward departure.

We find to be without merit Miller's challenge to his sentence. While he is correct that the two prior felony controlled substance convictions on which his base offense level was founded were consolidated for sentencing purposes, they were on offenses separated by an intervening arrest, and thus are not considered to be "related" for sentencing purposes. See U.S. Sentencing Guidelines Manual ("USSG"), § 4A1.2, comment. (n.3) (2004). Hence,

---

*The probation officer calculated an advisory sentencing guideline range applicable to Miller of seventy-seven to ninety-seven months' imprisonment, founded on a total offense level of twenty-one and a criminal history category of VI.

the district court properly applied a base offense level of twenty-four to Miller, pursuant to USSG § 2K2.1(a)(2), rather than the lesser level set forth in § 2K2.1(a)(4)(A).

Miller's claim of ineffective assistance of counsel must be brought in a collateral proceeding under 28 U.S.C. § 2255 (2000), unless it conclusively appears from the face of the record that his counsel was ineffective. United States v. DeFusco, 949 F.2d 114, 120-21 (4th Cir. 1991). Because the record does not conclusively establish ineffective assistance of counsel, we decline to consider this claim on direct appeal.

In accordance with Anders, we have reviewed the entire record in this case and have found no meritorious issues for appeal. We therefore affirm Miller's conviction and sentence. This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED